UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:11-CV-157-R

JOHN MADISON                                                                                   PLAINTIFF

v.

NATIONWIDE MUTUAL
INSURANCE COMPANY
and CHARLIE STEVENS                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Remand. Pl.'s Mot. Remand, Docket Number ("DN") 6. The Defendants have responded. Defs.' Response, DN 8. The Plaintiff has replied. Pl.'s Reply, DN 11. This matter is now ripe for adjudication. For the following reasons, the Plaintiff's motion is DENIED.

## BACKGROUND

The Plaintiff, John Madison ("Madison") was injured in an automobile accident in Barren County, Kentucky. The other driver involved in the accident was uninsured. Madison sued his uninsured motorist insurance carrier, Nationwide Mutual Insurance Company ("Nationwide"), in the Barren Circuit Court for benefits under the policy. That case ultimately went to trial, where a jury returned a verdict in favor of Madison.

After receiving a judgment on the underlying action, Madison filed suit in the Edmonson Circuit Court against Nationwide and one of its in-house adjusters, Charlie Stevens, for bad faith and violation of the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"), KRS § 304.12-230 *et seq*. *See* Compl., DN 1-1, ¶ 15. On October 19, 2011, the Defendants removed to this Court based on its diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal, DN 1. Madison and Stevens are citizens of Kentucky. Nationwide is a citizen of Ohio for diversity

purposes. Although complete diversity did not exist, the Defendants claimed that removal was proper because Stevens was fraudulently joined as a party. *Id.* at ¶ 5. Madison now seeks to remand back to the Edmonson Circuit Court.

## STANDARD

The "party 'seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction.'" *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted). Fraudulent joinder of a non-diverse party will not defeat removal on diversity grounds. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). "Under the doctrine of fraudulent joinder, the inquiry is whether [the plaintiff] had at least a colorable cause of action against [the defendant] in [state court]." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *Alexander*, 13 F.3d at 949). A colorable cause of action exists if there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949. "If there is a colorable basis for predicting that a plaintiff could recover against the non-diverse defendant, the [c]ourt must remand the action to state court." *Appel v. PACCAR, Inc.*, 2006 U.S. Dist. LEXIS 73231, at *3 (W.D. Ky. Oct. 4, 2006) (citing *Boladian v. UMG Recordings, Inc.*, 123 Fed. Appx. 165, 168 (6th Cir. 2005). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493.

## DISCUSSION

In their notice of removal, the Defendants claim that the Court has diversity jurisdiction for two reasons. First, Stevens was fraudulently joined because Madison cannot maintain a bad faith claim against him under Kentucky law. Second, even if Madison can establish a state cause of action against Stevens, the Court can ignore his citizenship because any claims against him are barred by the doctrine of *res judicata.* In response, Madison argues that remand is appropriate

because he has a colorable basis for the bad faith claim against Stevens and that it would not be barred by *res judicata*. The Court finds that Stevens was fraudulently joined because there is no reasonable basis for predicting that state law might impose liability on Stevens under the circumstances. Accordingly, the Defendants properly removed, Stevens will be dismissed, and the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

In their notice of removal, the Defendants rely on *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000), for the proposition that a plaintiff may not maintain a bad faith claim against an insurance adjuster where there is no contractual obligation between the parties. Madison argues that the Defendants' interpretation of *Davidson* is wrong for two reasons. First, *Davidson*'s holding was limited to self-insureds and is at least ambiguous as to whether it extends to insurance adjusters. Second, reading *Davidson* to exempt insurance adjusters from bad faith would be contrary to other provisions of Kentucky law not considered by the *Davidson* Court. The Court finds that Madison's arguments are without merit and remand is unwarranted because they fail to create a colorable basis for recovery.

*Davidson* addressed the specific issue of "whether the Unfair Claims Settlement Practices Act (the UCSPA), KRS 304-12.230, and/or the so-called tort of 'bad faith' apply to persons or entities who are either self-insured or uninsured." *Davidson*, 25 S.W.3d at 95. Although the specific issue was seemingly narrow, the court's interpretation of the UCSPA extends to situations beyond self-insureds or uninsureds. Based on the court's interpretation, there is no doubt that Madison is barred from bringing a bad faith claim against an insurance adjuster in the present case. The *Davidson* Court was clear that:

> The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is contractually obligated to pay. *Absent a contractual obligation, there is simply no bad faith cause of action either at common law or by statute.* In the case at bar, [the defendant] was under no

3

>contractual obligation to pay the [plaintiff's] claims; thus there exists no statutory or common law basis for a bad faith claim against it.

*Id.* at 100 (emphasis added).

As stated by this Court is *Daugherty v. American Express Co.*, Case No. 3:08-CV-00048, 2010 U.S. Dist. LEXIS 120367, at *8 (W.D. Ky. Nov. 12, 2010), and as is applicable here, "[The] Plaintiff's narrow interpretation of *Davidson* is incomplete. The Kentucky Supreme Court stated that 'the USCPA was clearly intended to regulate the conduct of insurance companies.' [The] Plaintiff ignores the Kentucky Supreme Court's statement that there must be a contractual obligation." (quoting and citing *Davidson*, 25 S.W.3d at 96, 100). Absent a contractual obligation between the parties, there can be no cause of action for bad faith. *See Wittmer v. State Farm Mut. Auto. Ins. Co.*, 864 S.W.2d 885, 890 (Ky. 1993) (quoting *Federal Kemper Ins. Co. v. Hornback*, 711 S.W.2d 844, 846-47 (Ky. 1986) (Leibson, J., dissenting). Because no contractual obligation exists between Madison and the insurance adjuster in the present case, Madison has fraudulently joined Stevens and may not maintain a bad faith cause of action against him.

Other courts in the Western District of Kentucky have considered the exact same issue on multiple occasions. Those courts, relying on *Davidson*, have uniformly held that, absent a contractual obligation, a plaintiff may not sue an insurance adjuster for bad faith. *See Wolfe v. State Farm Fire & Cas. Co.*, Civil Action No. 3:10-CV-545-H, 2010 U.S. Dist. LEXIS 126215, at *5 (W.D. Ky. Nov. 30, 2010) ("This Court finds that both law and reason point to the improbability of Kentucky courts holding insurance adjusters individually liable for claims under the [UCSPA] . . . ."); *Fulkerson v. State Farm Auto. Ins. Co.*, Civil Action No. 3:09-CV-392-S, 2010 U.S. Dist. LEXIS 50115, at *3 (W.D. Ky. May 20, 2010) ("In [UCSPA] terminology, a claims adjuster would not be found to be 'in the business of insurance,' as the adjuster is not a

person 'engaged in the business of entering contracts of insurance.'"); *Lisk v. Larocque*, Civil Action No. 3:07-CV-718-S, 2008 U.S. Dist. LEXIS 40303, at *4 (W.D. Ky. May 19, 2008) ("[U]nder *Davidson* a claims adjuster with no contractual obligation to pay claims cannot be sued in Kentucky for bad faith."); *Brown v. AIN, Inc.*, Civil Action No. 3:08-CV-30-H, 2008 U.S. Dist. LEXIS 23717, at *8 (W.D. Ky. Mar. 25, 2008) ("[U]nder *Davidson* an adjuster cannot be sued in Kentucky for bad faith."); *Malone v. Cook*, Civil Action No. 05-551-C, 2005 U.S. Dist. LEXIS 24962, at *2 (W.D. Ky. Oct. 25, 2005) ("Absent a contractual obligation, an insurance adjuster cannot be liable for common-law or statutory bad faith.").

In his motion to remand, Madison acknowledges that the courts of this district have uniformly held that a plaintiff has no cause of action against an insurance adjuster for bad faith where there is no contract between the parties. Despite this acknowledgement, he argues that those decisions were erroneous because they refused to find a colorable basis for a bad faith cause of action against insurance adjusters and that they wrongly extended *Davidson*'s holding beyond the specific issue considered in that case. Madison has not convinced this Court that the decisions of this district were wrong. *Davidson* stands for the clear proposition that a bad faith claim arises from a contractual obligation, and a plaintiff may not maintain the former without the later.

## CONCLUSION

The Defendants removed to this Court based on diversity jurisdiction in 28 U.S.C. § 1332. Although the parties were not completely diverse upon removal, the Court finds that it has jurisdiction to hear this case because Defendant Stevens was fraudulently joined. For the foregoing reasons, the Plaintiff's Motion to Remand is DENIED and Defendant Stevens is DISMISSED from this case.