UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:11-CV-157

JOHN MADISON                                                                                          PLAINTIFF

v.

NATIONWIDE MUTUAL
INSURANCE COMPANY                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Defendant's motion for partial summary judgment. Def.'s Mot. Partial Summ. J., Docket Number ("DN") 15. The Plaintiff has responded. Pl.'s Resp., DN 16. The Defendant has replied. Def.'s Reply, DN 17. This matter is now ripe for adjudication. For the following reasons the Defendant's motion is GRANTED.

**I.**

The sole issue before the Court is whether *res judicata* - more specifically claim preclusion - bars the Plaintiff from maintaining a bad faith claim in the present case for actions that allegedly occurred prior to the filing of the first state court case. The Court finds that this issue is directly on point with and controlled by the issue decided in *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521 (6th Cir. 2006). As such, the bad faith claims arising prior to the filing of the first state court case should have been pursued in that action and are now barred by claim preclusion. Only those bad faith claims arising after the first state court action was filed may proceed in this second action.

**II.**

As developed at this nascent stage, the facts are as follows. On or about August 25, 2009, the Plaintiff, John Madison ("Madison"), was involved in a car accident with Berri

1

Humphrey ("Humphrey").  As the time of the accident Madison had an uninsured motorist ("UM") policy with Defendant Nationwide Mutual Insurance Company ("Nationwide").  On August 27, 2009, two days after the accident, Madison filed a claim for UM benefits with Nationwide.  On February 19, 2010, Nationwide made a settlement offer to Madison after investigating his claim.  Madison rejected the settlement offer and filed suit in state court against Humphrey for causing the accident and against Nationwide for UM benefits.  The state court case (the "first case") was filed in Barren County Circuit Court on March 4, 2010.  The first case ultimately concluded in a jury trial and the state court entered judgment for Madison on June 1, 2011.

Subsequent to judgment in the first case, Madison filed the present suit (the "second case") in Edmonson County Circuit Court against Nationwide and Adjuster Charlie Stevens.  Madison claims that Nationwide and Stevens acted in bad faith and in violation of Kentucky's Unfair Claims Settlement Practices Act ("UCSPA").  Nationwide removed the second case to this Court based on diversity jurisdiction, and the Court dismissed Stevens as a party.  *See Madison v. Nationwide Mut. Ins. Co.*, No. 1:11-CV-157-R, 2012 U.S. Dist. LEXIS 27906 (W.D. Ky. March 2, 2012).  As a result, Nationwide is the only remaining defendant.

According to Nationwide, Madison now seeks to recover for Nationwide's bad faith occurring before March 4, 2010, the date the first case was filed.  According to Madison's complaint in the second case, Nationwide "failed to attempt in good faith to resolve [Madison's] claim, and compelled plaintiff to institute litigation to recover amounts due under this policy of insurance." Compl., DN 1-1, ¶ 15.  Additionally, Nationwide "failed to attempt in good faith to settle the claim, failed to timely pay the claim, and referred [Madison] to the Special Investigations Unit." *Id.*  Finally, Madison alleges that Nationwide referred his claim to the

Special Investigations Unit, without any basis, in September of 2009, several months prior to filing the first case. *Id.* at ¶ 8. All of these actions occurred prior to the filing of the first state court case.

### III.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the standards of Federal Rule of Civil Procedure 56, not "Kentucky's summary judgment standard as expressed in

*Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993) (abrogated on other grounds by *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010)).

### IV.

Nationwide moves for summary judgment on all of Madison's bad faith claims arising *before* the first case was filed in state court on March 4, 2012. Nationwide argues that those claims should have been pursued in the first case and are now barred by *res judicata* from being adjudicated in the second case. In support of its argument, Nationwide relies on the distinct type of *res judicata* known as "claim preclusion" and Sixth Circuit precedent set forth in *Rawe v. Liberty Mutual Ins. Co.*, 462 F.3d 521 (6th Cir. 2006). Madison, although arguing that *Rawe* was wrongly decided, concedes that the analysis in *Rawe* is controlling here. *See* Pl.'s Resp., DN 16, p. 1.

In *Rawe*, the Sixth Circuit affirmed in part and reversed in part summary judgment granted for the defendants. *Rawe*, 462 F.3d at 524. *Rawe* involved a plaintiff's claim for UIM benefits, a case adjudicating those benefits, and a subsequent case brought against the insurer for bad faith occurring both before and after the UIM claim was adjudicated. Ultimately the court concluded that "all of the asserted causes of action stemming from [the defendant's] alleged actions occurring *before* the first suit was filed in October 2003 'arose from the same transaction, or series of transactions,' and therefore 'they should have been litigated in the earlier action.'" *Id.* at 529 (quoting *Hamilton v. State Farm Fire & Cas. Co.*, No. 96-4141, 1997 U.S. App. LEXIS 30065, at *6 (6th Cir. Oct. 23, 1997 (unpublished)). Dismissal of the bad faith claims was affirmed by the court "because those claims based upon defendant's conduct that allegedly occurred before Rawe filed her complaint in October 2003 are barred by the doctrine of claim

4

preclusion." *Id.*

As in *Rawe*, Madison's bad faith claims arising before the first case was filed in state court on March 4, 2010, are barred by claim preclusion. Claim preclusion is part of the legal concept of *res judicata*.

> Res judicata is often analyzed . . . to consist of two preclusion concepts: 'issue preclusion' and 'claim preclusion.' Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. . . . This effect is also referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that is should have been advanced in an earlier suit. Claim preclusion therefore compasses the law of merger and bar.

*Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).

As described above, Madison seeks to recover in the second case for Nationwide's bad faith occurring *before* Madison filed the first case. Any bad faith precipitated by Nationwide prior to March 4, 2010, should have been litigated in the first case. Those claims for bad faith are now barred by *res judicata* and claim preclusion. *See Rawe*, 462 F.3d at 528-29.

It is important to note that Madison's bad faith claims against Nationwide for actions occurring *after* March 4, 2010, may proceed in this action. "[Madison's] first-party bad-faith claims that are based upon [Nationwide's] actions after [he] filed the first lawsuit to enforce the [UM] contract cannot be barred by res judicata, because those alleged actions had not yet occurred at the time [he] filed the first [UM] suit." *Id.* at 529. "'Simply put, [Madison] could not have asserted a claim that [he] did not have at the time.'" *Id.* (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

## CONCLUSION

Defendant Nationwide Mutual Insurance Company moves the Court for partial summary judgment. Based on the reasons explained above, the motion is GRANTED.

IT IS HEREBY ORDERED that Plaintiff John Madison's bad faith claims arising prior to the filing of first case on March 4, 2010 are DISMISSED. Madison's bad faith claims arising after the filing of the first case shall proceed in this action.